IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF TEXAS
SAN ANTONIO DIVISION

**FRANCISCO GARCIA, Individually and on behalf of All Others Similarly Situated**　　　　　　　　　**PLAINTIFF**

vs.　　　　　　　　　No. 5:15-cv-1162

**DRILL-CHEM, LLC**　　　　　　　　　**DEFENDANT**

### ORIGINAL COMPLAINT—COLLECTIVE ACTION

COMES NOW Plaintiff Francisco Garcia, individually and on behalf of all others similarly situated, by and through his attorney Josh Sanford of Sanford Law Firm, PLLC, and for his Original Complaint—Collective Action against Defendant Drill-Chem, LLC ("Defendant"), and in support thereof he does hereby state and allege as follows:

### I.　　PRELIMINARY STATEMENTS

1.　This is an action brought by Plaintiff, both individually and on behalf of all others similarly situated, against Defendant pursuant to Section 216(b) of the FLSA.

2.　The proposed Section 216 class is composed entirely of employees who are or were Field Employees / Operators for Defendant, who, during the applicable time period, work/worked for Defendant and are/were denied their rights under applicable federal wage and hour laws.

3.　The proposed Section 216 class will seek recovery of monetary damages for all overtime worked by Plaintiff and the putative class members.

4.　Defendant does not pay its Field Employees / Operators overtime wages

as required by the Fair Labor Standards Act (FLSA), 29 U.S.C. § 201 et seq. This collective action seeks the unpaid wages and other damages owed to these workers.

5. Plaintiff, both individually and on behalf of all others similarly situated, bring this action under the Fair Labor Standards Act, 29 US.C. § 201, *et seq.* ("FLSA"), for declaratory judgment, monetary damages, liquidated damages, prejudgment interest, civil penalties and costs, including reasonable attorney's fees as a result of Defendant's commonly applied policy and practice of failing to pay Plaintiff and all others similarly situated overtime compensation for the hours in excess of forty hours in a single week that they were/are made to work.

6. Upon information and belief, for at least three (3) years prior to the filing of this Complaint, Defendant has willfully and intentionally committed violations of the FLSA as described, infra.

## II.     THE PARTIES

7. Plaintiff Francisco Garcia worked for Defendant as a Field Employee from approximately February of 2014 through August of 2015. His signed consent to join this action is to be filed forthwith.

8. Defendant is a domestic, for-profit corporation.

9. Defendant is an independent provider of oil and gas well drilling, stimulation, cementing and coiled tubing services.

10. Defendant maintains a website at http://drillchem.com.

11. Defendant may be served through its registered agent: James Cashion, 6262 Weber Road, Suite 218, Corpus Christi, Texas 78413.

### III. JURISDICTION AND VENUE

12. The United States District Court for the Western District of Texas has subject matter jurisdiction over this suit under the provisions of 28 U.S.C. § 1331 because this suit raises federal questions under the FLSA.

13. The acts complained of herein were committed and had their principal effect against the named Plaintiff herein within the San Antonio Division of the Western District of Texas; therefore, venue is proper within this District pursuant to 28 U.S.C. § 1391.

### IV. REPRESENTATIVE ACTION ALLEGATIONS

14. Plaintiff brings this claim for relief for violation of the FLSA as a collective action pursuant to Section 16(b) of the FLSA, 29 U.S.C. § 216(b), on behalf of all persons similarly situated as Field Employees / Operators who were or are employed by Defendant and were improperly misclassified as exempt from payment of the overtime premium at any time within the applicable statute of limitations period, who are entitled to payment for overtime wages which Defendant failed to pay due to the intentional misclassification of Plaintiffs and of those similarly situated.

15. Plaintiff asserts violations of the FLSA on behalf of all persons who were employed by Defendant as Field Employees / Operators from three years prior to the date of the filing of this lawsuit, through the time of the trial of this case.

16. Plaintiff is unable to state the exact number of class members but believes that the class membership exceeds 25 persons but is less than 250 persons. Defendant can readily identify the members of the class, who are a certain portion of the current and former employees of Defendant.

17. The proposed FLSA class members are similarly situated in that they are and have been subject to uniform practices by Defendant which violated the FLSA, including:

A. Defendant's uniform misclassification of them as exempt employees under the FLSA; and

B. Defendant's failure to pay members of the class overtime compensation in violation of the FLSA, 29 U.S.C. § 201 et seq.;

## V.     FACTUAL ALLEGATIONS

18. Plaintiff repeats and re-alleges all previous paragraphs of this Complaint as though fully incorporated herein.

19. Plaintiff held a job title of Field Employee for Defendant within the three years preceding the filing of the Original Complaint.

20. Plaintiff's duties as a Field Employee included working at oil well sites to assist in pumping and fracking oil wells.

21. Defendant's annual gross volume of sales made or business done was not less than $500,000.00 (exclusive of excise taxes at the retail level that are separately stated) during each of the four calendar years preceding the filing of the Original Complaint.

22. To perform their job duties, at least two employees of Defendant routinely used hard hats, drilling equipment, pump equipment, lubricators, blow-out preventers, and various hand-tools, at least some of which had been moved in or produced for interstate commerce.

23. Throughout the time relevant to this complaint, Defendant has been an

enterprise engaged in interstate commerce as defined by the FLSA.

24. Defendant paid Plaintiff, and all other Field Employees / Operators during Plaintiff's tenure, a day rate.

25. Defendant did not pay an extra premium to Plaintiff, or to any other Field Employees / Operators during Plaintiff's tenure, for work in excess of forty hours per week.

26. Plaintiff regularly worked more than 40 hours per week as a Field Employee.

27. Field Employees / Operators other than Plaintiff also regularly worked more than 40 hours per week.

28. The policy has been in place for more than three years.

29. Upon information and belief, Defendant knew, or showed reckless disregard for whether, its pay practices toward Plaintiff and other Field Employees / Operators violated the FLSA.

30. Because Other Field Employees / Operators are similarly situated to Plaintiff, and they are owed overtime for the same reasons, at least one proper definition of the class is as follows:

> **Each individual employed as a Field Employee and/or Operator for Defendant at any time after December 28, 2012.**

### VI.   CAUSES OF ACTION

31. Plaintiff incorporates the allegations in the preceding paragraphs.

32. Defendant violated the overtime provisions of the FLSA.

33. Plaintiff, individually, and those similarly situated to him, on a class basis, are entitled to overtime for all hours worked over forty in a week.

34. Additionally, Plaintiff, individually, and those similarly situated to him, on a class basis, are entitled to an amount equal to their unpaid wages as liquidated damages, as well as reasonable attorneys' fees and the costs of this action.

## VII. PRAYER FOR RELIEF

WHEREFORE, premises considered, Plaintiff Francisco Garcia, individually and on behalf of all others similarly situated, respectfully prays for declaratory relief and damages as follows:

(a) That Defendant be summoned to appear and answer herein;

(b) That Defendant be required to account to Plaintiff, the class members, and the Court for all of the hours worked by Plaintiff and the class members and all monies paid to them;

(c) A declaratory judgment that Defendant's practices alleged herein violate the Fair Labor Standards Act, 29 U.S.C. §201, *et seq.*, and attendant regulations at 29 C.F.R. § 516 *et seq.*;

(d) Certification of, and proper notice to, together with an opportunity to participate in the litigation, all qualifying current and former Field Employees / Operators;

(e) Judgment for damages for all unpaid overtime compensation under the Fair Labor Standards Act, 29 U.S.C. §201, *et seq.*, and attendant regulations at 29 C.F.R. §516 *et seq.*;

(e) Judgment for liquidated damages pursuant to the Fair Labor Standards Act, 29 US.C. §201, *et seq.*, and attendant regulations at 29 C.F.R. §516 *et seq.*, in an

amount equal to all unpaid overtime compensation owed to Plaintiff and members of the Class during the applicable statutory period;

    (f)    An order directing Defendant to pay Plaintiff and members of the Class prejudgment interest, reasonable attorney's fees and all costs connected with this action; and

    (g)    Such other and further relief as this Court may deem necessary, just and proper.

    Respectfully submitted,

**FRANCISCO GARCIA, Individually and on behalf of All Others Similarly Situated, PLAINTIFF**

SANFORD LAW FIRM, PLLC
One Financial Center
650 S. Shackleford Road, Suite 411
Little Rock, Arkansas 72211
Telephone: (501) 221-0088
Facsimile: (888) 787-2040

By:    */s/ Josh Sanford*
    Josh Sanford
    Texas. Bar No. 24077858
    josh@sanfordlawfirm.com